IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND


SHARON DENISE CAIN             :
                               :
v.                             :      Civil No. WMN-09-756
                               :
OFFICER SIAFA DENNIS, et al.   :

**MEMORANDUM**

This case, originally filed in the Circuit Court for Baltimore City, Maryland, was removed to this Court and is before the Court on the motion of Plaintiff Sharon Cain for remand.[1]  Paper No. 11.  Plaintiff filed this case on February 2, 2009.  Plaintiff served all Defendants on February 24, 2009.[2]  On March 25, 2009, the State Defendants filed a motion to dismiss in the Circuit Court for Baltimore City.  One day later, on March 26, 2009, Defendant Dennis filed a Notice of Removal in

---

[1] Also pending before the Court are Plaintiff's motions to amend her complaint and to strike, Paper Nos. 14, 25, and a motion to dismiss filed by Defendants State of Maryland, Maryland Department of Public Safety & Correctional Services, Division of Pretrial Detention Services and Baltimore City Booking and Intake Center (collectively, the "State Defendants").  Paper No. 22.  Because the Court will grant Plaintiff's motion to remand, the other outstanding motions will be denied as moot.

[2] Plaintiff served the State Defendants twice, first on February 24, 2009, at the Office of the Attorney General of Maryland in compliance with Md. Rule 2-124(j), and on February 25, 2009, at the State of Maryland Treasurer's Office pursuant to Md. Code Ann. State Gov't Art. § 12-108(a).  The one day difference, however, does not change the outcome of this Court's decision, and thus, the Court will assume service on February 24 for the purposes of this Opinion.

this Court and on March 30, 2009, this Court issued a Standing Order Concerning Removal.

The State Defendants failed to join in Dennis' Notice of Removal or otherwise indicate their consent to removing the action to federal court.  Dennis' Notice of Removal does not explain why the State Defendants did not join Dennis in removing the case or suggest that the State Defendants for some reason were not required to join in or consent to the removal in a timely manner.  This makes the removal petition defective.  See Johnson v. Nutrex Research, Inc., 429 F. Supp. 2d 723, 727 (D. Md. 2006) (granting motion to remand when removal notice failed to explain why all defendants did not join in or consent to removal); Brantley v. Vaughan, 835 F. Supp. 258, 260 n.2 (D.S.C. 1993) ("A petition for removal is considered defective if it fails to explain why all defendants have not joined therein.").

Case law has developed exceptions to the rule that all defendants must join in removal, exempting defendants who are improperly served or who are a "nominal or formal" party – generally, a party with no assets or one that does not actively engage in business.  Egle Nursing Home, Inc. v. Erie Ins. Group, et al., 981 F. Supp. 932, 933 (D. Md. 1997).  The State

2

Defendants, however, do not fit into any of these exceptions.[3]

Accordingly, the Court will grant Plaintiff's motion to remand.

A separate order will issue.

                                                /s/_____
                                                William M. Nickerson
                                                United States District Judge

Dated: August 20, 2009

---

[3] Some courts in this Circuit, though not this District Court, have held that the decision as to whether a defendant is a nominal party turns on whether there is any "legal possibility for predicting" that the party could be held liable. Allen v. Monsanto Co., 396 F. Supp. 2d 728, 733 (S.D. W. Va. 2005). Even under this standard, however, the State Defendants would not qualify as there it is not clear to this Court that there is no legal possibility that the State Defendants could be liable for the actions of Dennis. See Creed v. Virginia, 569 F. Supp. 2d 930, 935-36 (E.D. Va. 2009) (rejecting argument, in case against Commonwealth, county sheriff, prison supervisor, and prison employees, that Commonwealth was a "nominal" party because "[a]t this stage of litigation, it is not clear that there is no legal possibility that the Commonwealth could be liable for the actions of the [prison's] employees") (internal quotations omitted).